# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL F. DEES, SR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>    Defendant. ) | CIVIL ACTION NO. 16-00450-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael F. Dees, Sr. brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 19, 21).

Upon consideration of the parties' briefs (Docs. 14, 17) and those portions of the administrative record (Docs. 8 – 13) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held April 13, 2017, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).

## I. Background

On April 9, 2014, Dees filed an application for a period of disability and DIB with the Social Security Administration ("SSA"), alleging disability beginning February 1, 2012.[1] After his application was initially denied, Dees requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. Ultimately, three hearings were held on Dees's application, on November 3, 2014, July 20, 2015, and February 3, 2016. On June 2, 2016, the ALJ issued an unfavorable decision on Dees's application, finding his "not disabled" under the Social Security Act and thus not entitled to benefits. (*See* R. 13 – 29). The Commissioner's decision on Dees's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied Dees's request for review of the ALJ's decision on August 2, 2016. (R. 1 – 5). On August 25, 2016, Dees filed this action under § 405(g) for judicial review of the Commissioner's final decision. *See* (Doc. 1); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec.*

---

[1] DIB provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

*Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. Standards of Review

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]"

*Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d

1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB … requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E) … A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) …

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[2]

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v.*

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[3]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

---

*Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[3] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals

Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III.  Analysis

At Step One, the ALJ determined that Dees had not engaged in substantial gainful activity since the alleged disability onset date, February 1, 2012. (R. 18). At Step Two, the ALJ determined that Dees had the following severe impairments: post-traumatic stress disorder (PTSD), panic disorder, depressive disorder, obesity, low back pain of uncertain etiology, gout, lower extremity edema, left hallux valgus, right hallus valgus, sensorineural hearing loss, tinnitus, and sleep apnea. (R. 19 – 19). At Step Three, the ALJ found that Dees did not have an impairment or combination of impairments that meets or equals the severity of one of the specified impairments in the relevant Listing of Impairments. (R. 19 – 20).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).

> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Dees had the RFC "to perform a limited range of sedentary work as defined in 20 CFR 404.1567(b).[4] Specifically, the claimant can lift and/or carry 10 pounds occasionally and items of negligible weight frequently. The claimant can stand and/or walk or two hours, no more than 30 minutes at a time. The claimant can sit for six hours. The claimant can frequently push and/or pull with the upper extremities, bilaterally, occasionally push and/or pull with the lower extremities, bilaterally. The claimant can occasionally balance, occasionally stoop, occasionally kneel, occasionally crouch and occasionally climb ramps and stairs. The claimant can frequently crawl. The claimant cannot climb ladders,

---

[4] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

ropes, or scaffolds. The claimant can frequently reach, bilaterally; frequently handle, bilaterally; and frequently finger, bilaterally. The claimant can continuously feel. The claimant can tolerate occasional exposure to vibration and occasional exposure to pulmonary irritants. The claimant can have exposure to no more than moderate noise. The claimant must avoid all exposure to unprotected heights and avoid all exposure to dangerous machinery. The claimant would have one unplanned absence per month. The claimant can perform simple routine tasks involving no more than simple, short instructions and simple work-related decisions with minimal work place changes. The claimant can tolerate occasional and non-transactional interaction with the public, non-transactional interactional interaction with co-workers, and occasional interaction with supervisors. He cannot work in close proximity to others. The claimant is able to sustain attention for two-hour periods with customary breaks." (R. 20 – 27).

Based on this RFC, the ALJ determined that Dees was unable to perform any past relevant work. (R. 28). At Step Five, the ALJ, after taking testimony from a vocational expert, found that there exist significant numbers of jobs in the national economy that Dees can perform given his RFC, age, education, and work experience. (R. 28 – 29). Thus, the ALJ found that Dees was not disabled under the Social Security Act. (R. 29). Dees asserts four claims of reversible error by the ALJ.

### A. First Claim of Error – VA Disability Decision

Dees's first claim of error is that the ALJ failed to fully consider the disability ratings assigned him by the Department of Veterans Affairs ("VA").

> Pursuant to 20 C.F.R. § 404.1504, a decision by any other government agency, such as the VA, regarding a claimant's disabled status "is based on [that agency's] rules and is not [the commissioner's] decision" as to disability. 20 C.F.R. § 404.1504. Instead, the Commissioner must "make a disability ... determination based on social security law." *Id.* VA disability ratings are thus not binding on the ALJ, but such ratings should be considered and "given great weight." *Brady v. Heckler,* 724 F.2d 914, 921 (11th Cir.1984) (quotation omitted).

*Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (per curiam) (unpublished).

Here, the ALJ considered "the VA ratings in which [Dees] has been awarded 50% disability for obstructive sleep apnea, 30% disability for anxiety/PTSD/depression, 20% disability for diabetes mellitus, 10% for degenerative disc disease, 10% for tinnitus, 10% for non-obstructive coronary artery disease or constocondritis, 10% for GERD, 0% for gout, 0% for residuals from closed right finger fracture, 0% for bilateral hearing loss, 0% for allergic rhinitis, 0% for hypertension, 0% for erectile dysfunction, and 0% for right multinodular goiter status post hemithyroidectomy." (R. 26 (citing SSA Ex. B16F [R. 1622 – 1628])). After discussing the Eleventh Circuit's applicable precedent in *Brady* and the differing standards between the SSA and the VA for determining disability, the ALJ then stated:

> In this case, the VA disability rating is inconsistent with the [sic] much of the ... objective medical evidence, while the residual functional capacity set forth above is consistent with the overall evidence of record, including the VA medical records. This includes the claimant's minimal, conservative and effective treatment which has allowed the claimant to attend school and earn degrees which itself are not activities consistent with the VA disability rating. Notably, as well, is the VA's own explanations for their ratings which turn on issues no related to work capacity, for instance, the VA's rating of 50% for sleep

apnea because the claimant is required to use a CPAP. VA records dated June 2015 indicated that the claimant's sleep apnea was well controlled and did not impact his ability to work. (Exhibit B11F). Also notable is the finding in the VA records setting out that the claimant is able to work a range of sedentary work, despite his service related conditions. (Exhibit B13F). It was also noted that the claimant's inflammatory, autoimmune, crystalline or infectious arthritis condition or dysbaric osteonecrosis does not impact the claimant's ability to work. (Exhibit B4F). Accordingly, based on the overall evidence of record, while I have given the VA disability ratings consideration, I assign them no weight.

With that being said, I do give some weight to the VA findings throughout the record evidence indicating that that claimant is able to perform a range of work. (Exhibit B13F). This is generally supported by the medical evidence as a whole reflecting generally effective treatment and is consistent with the residual functional capacity.

(R. 27).

Dees argues that the ALJ's decision to assign the VA disability findings "no weight" is not supported by substantial evidence because it is inconsistent with Dees's hearing testimony that, while "he had been attending classes at ITT Technical School three days per week from 6:00 p.m. until 11:00 p.m. for nine months[,]" he "got a tutor through the VA to help him with his homework and help him keep up in classes" and "has missed 5 or 6 days of classes in the last three months due to sleep and anxiety." (Doc. 14 at 3 (citing R. 62 – 63)). He also testified "that he has completed an intensive program for PTSD in 2013[,] was currently in intensive therapy for a sleeping disorder and anxiety with Dr. Aikens[, and] sees three different medical professionals for treatment at the VA." (*Id.* (citing

R. 67 – 69)). Dees also notes he "has continued to be seen regularly by the VA since September 21, 2011." (*Id.* at 4).[5]

At most, this testimony only calls into question <u>some</u> of the reasons the ALJ articulated for rejecting the VA ratings, and the undersigned agrees with the Commissioner that Dees's mere citation to evidence supporting the VA's disability ratings fails to demonstrate that substantial evidence does not support the ALJ's decision to reject them. *See Crawford*, 363 F.3d at 1158–59 ("Even if the evidence

---

[5] Notably, Dees does <u>not</u> argue that the ALJ's assignment of "no weight" to the VA's disability findings was an error of law in itself. *Compare Boyette*, 605 F. App'x at 779 ("[A]lthough the ALJ declined to give controlling weight to the VA disability determination and did not expressly state she gave 'great' weight to it, there is no indication that she failed to give the VA's determination great weight or consideration. *See Brady*, 724 F.2d at 921…"), *and Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, No. 15-15305, 2016 WL 7157976, at *1 (11th Cir. Dec. 8, 2016) (per curiam) (unpublished) ("Brown-Gaudet-Evans first argues that the ALJ erred in according 'little weight' to the VA's disability determination, because disability determinations by other agencies are entitled to 'great weight.' Because this argument is about the legal principles upon which the ALJ based his decision, we review it <u>de novo</u> … The ALJ erred. It is the law of this Circuit that '[a]lthough the V.A.'s disability rating is not binding on the [SSA], it is evidence that should be given great weight.' <u>Brady v. Heckler</u>, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted); <u>see also</u> 20 C.F.R. § 404.1504 (providing that other government agency decisions about a person's disability status based on that agency's own rules are not binding on the SSA). It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore the VA's determination nor give it 'little weight.' Therefore, the ALJ erred."), *with Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 856-57 (11th Cir. 2013) (per curiam) (unpublished) ("The ALJ did not misapply the law when he discounted the VA's 80% disability rating. Although the ALJ should give the VA's disability rating 'great weight,' the rating is not binding on the Commissioner. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984)…To the contrary, although the ALJ did not expressly state that he gave 'great weight' to the VA's rating, the record shows that he expressly considered and closely scrutinized it. *See Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A March 1981)…Thus, while the ALJ did not specify how much weight he gave the VA disability determination, he seriously considered it in making his own determination that Adams was not disabled.").

preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." (quotation omitted)); *Moore*, 405 F.3d at 1213 ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from re-weighing the evidence or substituting our judgment for that of the Commissioner ... even if the evidence preponderates against the decision." (quotation and footnote omitted)). Here, the ALJ specifically cited to relevant record evidence, as noted above, that was "adequate to support a conclusion" that the VA's disability ratings should be rejected. *Winschel*, 631 F.3d at 1178. Moreover, as will be discussed in greater detail herein, the ALJ found that Dees's subjective testimony as to the effect of his impairments was "not entirely consistent" with the record evidence. (R. 21). Accordingly, substantial evidence supports the ALJ's decision to assign no weight to the VA's disability ratings, and the Court **OVERRULES** Dees's first claim of error.

### B. Second Claim of Error (Subjective Testimony)

Dees next argues that the ALJ failed to consider his subjective testimony, given at the third ALJ hearing held February 3, 2016, "that he still wakes up through the night even when using his CPAP machine[;] that he has four to five bad days per week and, on a bad day, it is hard for him to stay focused[; and] that he has an unexpected sleep pattern, and on a bad day, will fall asleep three to four times and sleep for about an hour each time." (Doc. 14 at 5 (citing R. 99 – 100)). In Dees's view, it was particularly incumbent upon the ALJ to give special

consideration to this testimony in light of the fact that Dees "has received treatment from the VA since 2011 for his obstructive sleep apnea and has a 50% service connected rating for obstructive sleep apnea." (Doc. 14 at 5).

"If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, … the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision … is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.' " *Id.* at 1211 (quoting *Foote*, 67 F.3d at 1561 (internal quotation omitted)). The Court "will not disturb a clearly articulated credibility finding supported by substantial evidence…" *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Foote*, 67 F.3d at 1562).

The ALJ's decision notes that Dees claimed an inability to work as a result of, among other impairments, "obstructive sleep apnea," and that Dees "testified that he is disabled by … an inability to sleep …" (R. 21 (citing "Hearing Testimony")). The ALJ found that Dees's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record…" (R. 21). After summarizing the

objective medical evidence of record, which primarily consisted of VA treatment records, the ALJ found that Dees's subjective physical complaints were "not fully consistent" because "his objective findings have been mild, and he has required only conservative treatment." (R. 25 – 26). In rejecting the VA's 50% disability rating for sleep apnea, the ALJ cited VA records indicating that Dees's "sleep apnea was well controlled and did not impact his ability to work" and that he "is able to work a range of sedentary work…" (R. 27). "The ALJ's decision in this case was not a broad rejection and was sufficient to enable … this Court to conclude the ALJ considered [Dees]'s medical condition as a whole." *Mitchell*, 771 F.3d at 782.[6] Accordingly, the Court **OVERRULES** Dees's second claim of error.

### C. Third Claim of Error (RFC)

Dees's third claim of error, related to his first, is that, in rejecting the VA disability ratings, the ALJ "clearly 'cherry picks' limitations so as to correspond with his residual functional capacity" and "essentially used his own interpretation of the medical records in assigning [Dees]'s residual functional capacity." (Doc. 14 at 7). While "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding[,] an ALJ need not mention every piece of evidence, so long he builds a logical bridge from the evidence to his

---

[6] Additionally, Dees offers no argument as to how this testimony is inconsistent with the ALJ's RFC determined.

conclusion." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (per curiam).[7] *See also Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 808 (11th Cir. 2013) (per curiam) (unpublished) ("An ALJ is not required to refer specifically to each piece of evidence in the record, but must sufficiently explain the weight given to 'obviously probative exhibits.' *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).").

Apart from the evidence cited in his first two claims of error, which the undersigned has rejected, *see supra*, Dees cites no other record evidence purportedly ignored by the ALJ that calls the ALJ's RFC determination into question. To the extent Dees argues that an ALJ cannot rely on "his own interpretation of the medical records in assigning the Plaintiff's residual functional capacity" (Doc. 14 at 7), that argument is without merit. *See Fritts v. Colvin*, No. CV 15-00209-N, 2016 WL 3566866, at *8 (S.D. Ala. June 24, 2016) ("The task of determining a claimant's residual functional capacity and ability to work rests with the administrative law judge, not a doctor. The ALJ carries out this task by assessing all of the relevant medical and other evidence…" (citations and quotations omitted)); 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level … , the administrative law judge … is responsible for assessing your residual functional capacity."). Accordingly, the Court **OVERRULES** Dees's third claim of error

### D. Fourth Claim of Error (Step Five)

Dees's fourth and final claim of error asserts that the ALJ's Step Five determination that there exist significant numbers of jobs in the national economy

---

[7] Because Dees's brief relies on *Denton* in making this claim of error (*see* Doc. 14 a 6), the undersigned quotes it here in relevant part.

that Dees can perform, given his RFC, age, education, and work experience, is not supported by substantial evidence because the vocational expert's testimony on which the ALJ relied is contradicted by data from Job Browser Pro by SkillTRAN computer program. Dees represents that the "date source for Job Browser Pro … is the U.S. Department of Labor, Dictionary of Occupational Title 4th Edition, Revised (1991), (including subsequent amendments by the U.S. Department of Labor)." (Doc. 14 at 8 n.1).

Even assuming that the VE's testimony did not accurately reflect the DOT, binding precedent in this Circuit holds "that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." *Jones v. Apfel*, 190 F.3d 1224, 1229–30 (11th Cir. 1999). *See also Jones v. Comm'r of Soc. Sec.*, 423 F. App'x at 939 (11th Cir. 2011) (per curiam) (unpublished) ("Even assuming arguendo that the ALJ incorrectly found that the VE's testimony was consistent with the DOT, such error was harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis to ALJ's incorrect statements that were irrelevant to whether claimant had a severe impairment). In this Circuit, a VE's testimony trumps the DOT to the extent the two are inconsistent. *See Jones*, 190 F.3d at 1229–30. The VE opined that the ALJ's hypothetical person could perform these three jobs. The ALJ was permitted to base his findings about these three jobs exclusively on the VE's testimony, irrespective of any inconsistency with the DOT, and was not required to seek further explanation. *See id.*");[8] *Leigh v. Comm'r of Soc.*

---

[8] The undersigned notes "SSR 00–4p … provides that '[n]either the DOT nor the

*Sec.*, 496 F. App'x 973, 975 (11th Cir. 2012) (per curiam) (unpublished) (similar). Dees offers no substantive argument why this clear precedent is inapplicable here.[9] Accordingly, the ALJ did not err in relying on the VE's testimony as to the numbers of jobs existing in the national economy, and the undersigned **OVERRULES** Dees's fourth claim of error. There being no other claims of error asserted,[10] the Court

---

[VE's testimony] automatically "trumps" ' and instructs the ALJ to 'elicit a reasonable explanation' for a conflict between the two before relying on the VE's testimony. SSR 00–04p, 2000 WL 1898704 (Dec. 4, 2000). Social Security Rulings are not binding on this Court. *See B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr.1981); *see also Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982) (providing that we are bound by decisions issued by Unit B panels of the former Fifth Circuit). To the extent SSR 00–4p conflicts with *Jones*, we are bound by *Jones*." *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x at 939 n.4.

[9] Moreover, the ALJ's decision reflects that he considered a similar objection by Dees to the VE's testimony at the administrative hearing. The ALJ overruled the objection, noting that the "alleged SkillTran numbers…were not introduced into evidence and were not accompanied by any expert testimony in support[,]" and that "[c]hallenges on this basis are insufficient grounds to impeach a vocational expert's testimony concerning the number of jobs." (R. 29). Dees offers no substantive challenge to the ALJ's ruling.

[10] Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court … Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, No. 16-11238, 2016 WL 7321208, at *2 (11th Cir. Dec. 16, 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or

finds that the Commissioner's final decision denying Dees benefits is due to be **AFFIRMED**.

IV. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision issued May 12, 2016, denying Dees's application for a period of disability and DIB is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 24th day of April 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).